UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11920-RGS

ADEL YAMMINE

v.

HILLARY RODHAM CLINTON, ALEJANDRO MAYORKAS, JANET
NAPOLITANO, ERIC HOLDER, JR., and CARMEN ORTIZ

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS

April 8, 2011

STEARNS, D.J.

The motion to dismiss will be allowed. The plaintiff, Adel Yammine, fails to state a claim upon which relief can be granted. In his Complaint, Yammine seeks an adjustment of status for his wife and children based on his previous status as a legal permanent resident. However, because Yammine has been naturalized as a U.S. citizen, he is expressly required to file an immediate relative petition for his family members. *See* 9 U.S. Dep't of State, Foreign Affairs Manual 40.1 N7.2-4 ("A 'following to join' derivative [in this case, each of Yammine's family members] must immigrate to the United States prior to any naturalization as a U.S. citizen [of the principal, in this case, Mr. Yammine]. If the alien fails to immigrate prior to any naturalization the citizen [Yammine] must file an immediate relative petition for the family members."). Because Yammine's wife and children are no longer eligible for

their immigrant visas as "following to join" derivatives, the Court is unable to grant the adjustment of status sought by the Complaint.

The government also argues with some force that the court lacks jurisdiction to review a decision by a consular officer to grant or deny a visa. *See, e.g.*, *Kleindienst v. Mandel*, 408 U.S. 753, 766-767 (1972); *Centeno v. Shultz*, 817 F.2d 1212, 1213 (5th Cir. 1987); *see also Hermina Sague v. United States*, 416 F. Supp. 217, 219 (D.P.R. 1976) ("It has been consistently held that the consular officer's decision to issue or withhold a visa is not subject, either to administrative or judicial review."). The First Amendment cases cited by Yammine, such as *Adams v. Baker*, 909 F.2d 643 (1st Cir. 1990), and *Allende v. Shultz*, 845 F.2d 1111 (1st Cir. 1988), do not apply to the circumstances of this case.

ORDER

Defendants' Motion to Dismiss is <u>ALLOWED</u> pursuant to Fed. R. Civ. P. 12(b)(6). The Clerk will enter an order of dismissal and close the case.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE